IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD MATTIS                    :         CIVIL ACTION
                                  :
        v.                        :
                                  :
ALLSTATE PROPERTY AND CASUALTY    :         NO. 26-1788
INSURANCE COMPANY                 :

MEMORANDUM

Bartle, J.                                        July 22, 2026

Plaintiff Richard Mattis filed this action against defendant Allstate Property and Casualty Insurance Company ("Allstate"), for failure to provide coverage under his homeowner's policy for a fire loss.  He claims breach of contract and bad faith under 42 Pa. Stat. Ann. § 8371.  Before the court is Allstate's motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted.  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded facts in plaintiff's complaint and draw all reasonable inferences in the light most favorable to the plaintiff.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Phillips v. Cnty. of Allegheny, 515

F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs.,
Inc., 542 F.3d 59, 64 (3d Cir. 2008).  When there is a document
"integral to or explicitly relied upon in the complaint," it may
also be considered as there is no concern of lack of notice to
the plaintiff.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d
Cir. 2014) (quoting In re Burlington Coat Factory Sec. Litig.,
114 F.3d 1410, 1426 (3d Cir. 1997) (quotation marks omitted)).
The court may also take judicial notice of matters of public
record.  See id.

     The plaintiff must allege sufficient factual content
to state a claim that is plausible on its face.  Ashcroft v.
Iqbal, 556 U.S. 662, 678 (2009).  The pleading must contain more
than "labels and conclusions."  Twombly, 550 U.S. at 545.  It
must plead more than "a formulaic recitation of the elements of
a cause of action" or "naked assertions devoid of further
factual enhancement."  Iqbal, 556 U.S. at 678 (quoting Twombly,
550 U.S. at 557) (internal quotations and alterations omitted).

II

     Plaintiff alleges that a property which he owned on
Kindred Street in Philadelphia and which was insured by Allstate
suffered severe damage from a fire on December 6, 2025.  In the
amended complaint, plaintiff concedes he moved out of the
property in 2024 and began renting it to tenants.  Nonetheless,
he continued to pay insurance premiums for the policy insuring

-2-

the premises.  After plaintiff moved out of the property, he moved in with his wife on Rutland Street in Philadelphia.  He has been named as an insured on an Allstate policy for that property since 2021.  In addition, plaintiff has an Allstate auto insurance policy effective July 23, 2025 which lists his address as Rutland Street.

III

In support of its motion to dismiss, Allstate argues that no coverage exists because plaintiff, as he concedes, was not a resident of the Kindred Street property on December 6, 2025 when the fire occurred.

The insurance policy covers sudden and accidental direct physical loss to the Kindred Street property, the "residence premises."  Under the policy, "residence property" means "dwelling."  A dwelling in turn is defined in the policy as "the single family building structure, identified as the insured property in the Policy Declaration, where you reside and which is principally used as a private residence." (emphasis added.)

> In addition, the policy provides:
>
> In reliance on the information **you** have given **us, Allstate** agrees to provide the coverages indicated on the Policy Declarations.  In return, **you** must pay the premium when due and comply with the policy terms and conditions, and inform **us** of any

change in title, use or occupancy of the **residence premises**.

Plaintiff is in breach of a condition of the policy. It is undisputed that he did not live at the Kindred Street property at the time of the fire on December 6, 2025 and had not lived there for at least a year prior to the fire. Instead, the house was occupied by tenants. The policy clearly requires the insured to reside at the Kindred Street property at the time of the loss. There is no ambiguity about it. See Bell v. Allstate Ins. Co., Civ. A. No. 03-4482, 2005 WL 1353527, at *4 (E.D. Pa. May 31, 2005).

Plaintiff in response argues that Allstate knew he lived at the Rutland Street address at the time of the fire and thus has acted in bad faith. Plaintiff notes he was an insured under the Allstate policy insuring the Rutland Street property and had an Allstate automobile policy identifying his address on Rutland Street.

The argument fails. First, the one page of the homeowner's policy insuring the Rutland Street property lists the mailing address as Kindred Street. The one page of the automobile policy in the record does list the address of plaintiff as Rutland Street. Yet there is nothing before the court to show what the automobile policy said about residence. In any event, plaintiff has cited no authority that Allstate as

-4-

a result of these other two policies was on notice that plaintiff no longer resided at Kindred Street.  Allstate, with countless policies and insureds, cannot be deemed to have waived the residency condition or term in the policy at issue based on the undisputed facts presented here.  On the contrary, plaintiff under the policy had a specific duty to inform Allstate "of any change or occupancy of the residence premises."  It was plaintiff who failed to meet the residency condition and the notification requirement plainly and unambiguously stated in the policy.  Plaintiff is precluded from recovering for the fire loss to the Kindred Street property.  See, e.g., Rutter v. Nationwide Mut. Fire Ins. Co., 708 F. Supp. 3d 613, 618-19 (W.D. Pa. 2023).

Accordingly, the court will grant the motion of Allstate for judgment on the pleadings on both his breach of contract and his bad faith claims.